*1016 OPINION.
Murdock :
The petitioner alleges that during the taxable year it was affiliated with Chatterton & Son within the meaning of section 240 (b) of the Revenue Act of 1918, which reads as follows:
For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests.
The fiscal year before us extended from June 80, 1919, to June 30, 1920. It is seen from the petitioner’s stock certificate books that for part of this year, until August 9,1919, the total outstanding stock was held by four stockholders, two of whom, holding 97.7 per cent, were stockholders and directors of Chatterton & Son. However, we have before -us no evidence to show what proportion of the latter’s stock was owned by these two stockholders and the absence of such evidence is a fatal defect in the proof necessary to show affiliation for this period.
After August 9, until the close of the fiscal year, Chatterton & Son were the beneficial owners of 2,500 shares or 71.4 per cent of the total shares outstanding. In addition, at least 361 shares were still owned by Chatterton and Schepers, stockholders of Chatterton & Son, and Schepers’ wife, which it might be said Chatterton & Son controlled through closely affiliated interests. Appeal of Huntington & Clearfield Telephone Co., 1 B. T. A. 731; Appeal of Hamilton & Chambers Co., 1 B. T. A. 694; Appeal of American Box Co., 3 B. T. A. 824. But it also appears that during this whole period outsiders, consisting of farmers in the vicinity, held no less than 17.1 per cent of the outstanding stock and this holding was increased during the year until by February 2,1920, it amounted to 650 shares or 18.5 per cent. These stockholders had no connection with Chatterton & Son and their stock was not controlled by Chatterton & Son through closely affiliated interests within the meaning of the Act. The fact that several of the farmer stockholders were related by blood or marriage to A. E. Schepers, a stockholder of Chatterton & Son, does not constitute them a closely affiliated interest in the absence of evidence to show that they had a common interest in some manner with the corporation which OAvned or controlled the majority of the petitioner’s stock. Appeal of Goldstein Bros. Amusement Co., 3 B. T. A. 408; Appeal of Kiddy Shoe Service, Inc., 5 B. T. A. 268.
The corporations Avere operated separately with separate offices and equipment and there were no intercompany loans. Although Chatterton & Son was allowed a preference upon sales of the petitioner, it was forced to buy at market upon the same terms as any *1017 other jobber dealing with the petitioner. The meeting of the stockholders and directors was harmonious but practically all of the stockholders who had no connection with Chatterton & Son attended the only stockholders’ meeting during the year, while four of the six directors of the petitioner had no connection with Chatterton & Son.
No rule can be laid down as to the exact percentage of stock ownership or control which would constitute affiliated corporations within the meaning of the Act, but each case is to be decided in the light of its peculiar facts and circumstances, and where, as in this case, there are no intercompany transactions except the one kind mentioned above and where there is no economic unity, the ownership by the one corporation of 71.4 per cent of the stock of the other and the possible control by closely affiliated interests of 10 to 11 per cent does not constitute ownership or control of substantially all of the stock of the petitioner and is not sufficient to entitle it to the affiliation disallowed by the respondent. Appeal of Watsontown Brick Co., 3 B. T. A. 85; Appeal of Goldstein Bros. Amusement Co., supra; George A. Fink Co. v. Commissioner, 5 B. T. A. 76.

Judgment mil be entered for the respondent.